IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
       v.                   )        2:25mj274-MHT
                            )           (WO)
KAMRYN HARTLEY             )
```

ORDER

This case is before the court on the government's motions to stay the bond hearing set before the United Magistrate Judge on July 31, 2025. For the following reasons, the motions (Doc. 14 and Doc. 18) will be denied.

The government has announced that it plans to appeal the magistrate judge's July 24, 2025, order denying its motion for detention of defendant Kamryn Hartley (Doc. 13), but it has not yet done so. The government has asked the court to stay the scheduled bond hearing and Hartley's release from custody while it prepares and litigates its motion for review of the release order. As grounds for the stay, the government

argues that the defendant's release poses a danger to the community and a risk of nonappearance that cannot be adequately mitigated with conditions, and essentially that it needs additional time to prepare its motion for review.  At a status conference on July 29, 2025, it requested another week--until August 5--to file its motion for review, and agreed that additional time would be needed for the defendant to respond and for the court to decide the appeal.

The government does not cite, and the court has not found, any legal authority setting forth a specific legal standard for a stay of a pretrial release order pending appeal to the district judge.  The government argues, without any supporting authority or reasoned explanation, that the government's giving notice that it intends to appeal makes the magistrate judge's release order null and void.  It further argues that because the district court must conduct a de novo

2

review under 18 U.S.C. § 3145, a stay is necessary, and the court has authority to stay the magistrate judge's release order under 18 U.S.C § 3145, citing dicta in *United States v. Torres*, 86 F.3d 1029, 1030 (11th Cir. 1996) ("On May 30, that court, exercising its authority under section 3145, stayed the magistrate judge's order.").

Section 3145 does not provide that the magistrate judge's order becomes null and void when the government announces that it intends to appeal a release order, and the court declines to adopt the government's argument without even minimally adequate briefing on this issue. More importantly, nothing in the statute provides that a defendant should remain incarcerated indefinitely until the government is ready to file a motion for review. The government essentially argues that § 3145 requires the court to keep a defendant incarcerated indefinitely while the government takes as

3

long as it needs to prepare a motion for review of the
release order. The court finds this reading
unpersuasive, especially in light of the Bail Reform
Act's clear policy favoring pretrial release, which is
discussed below.

Finally, while the government is correct that the
court is required to undertake a de novo review under
§ 3145, this does not mean the court must stay the
release order in the interim or that the magistrate
judge's order is void. Moreover, on the record before
it now, applying de novo review, the court would find,
as the magistrate judge did, that the defendant should
be released with conditions.

In any case, the court assumes it has discretion to
stay the release order. However, in exercising its
discretion, in the absence of any rule specific to
appeals of release orders, the court relies on the
general standard for a stay pending appeal.

**4**

"A stay is not a matter of right, even if irreparable injury might otherwise result." *See Nken v. Holder*, 556 U.S. 418, 433–35 (2009) (citations omitted). The court must exercise its discretion based on the particular circumstances before it. *Id.* at 433-34. In so doing, the courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 435 (internal quotation mark and citation omitted). "The first two factors of the traditional standard are the most critical," and a mere possibility of success on the merits or of irreparable injury is not sufficient. *Id.*

The Bail Reform Act generally favors release, with specified exceptions that do not apply here. It states:

> The [court] shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a), unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

18 U.S.C. § 3142(b) (emphasis added). Where a court finds that release without conditions "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the court nevertheless "shall order the pretrial release of the person— ... (B) subject to the least restrictive further condition, or

6

combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community ...." 18 U.S.C. § 3142(c)(1)(B).  Pretrial detention is permissible only when the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).

After carefully reviewing the record, including the transcript of the detention hearing, in light of the applicable legal standards, the court finds that the government has failed to show a likelihood of success on the merits.  In assessing the dangerousness of the defendant and whether conditions of release would be sufficient to protect the public from danger, the court was particularly concerned about whether there was evidence suggesting that the defendant was involved in

the two burglaries in which individuals drove a car
into gun stores and stole guns. However, the record at
present is not sufficient to suggest that the defendant
conspired with or participated in those offenses;
instead, it tends to show only that he posed with some
of the guns after a friend had stolen them. This
assessment, combined with his lack of criminal history,
contribute to the court's finding that the defendant is
not too dangerous to release with conditions.
Moreover, the court is persuaded, based on the
defendant's youth and lack of prior criminal history,
that he may be amenable to change with guidance and
treatment and is not a hardened criminal whose release
would pose an irremediable risk to the public.[1]

_____

    1. To the extent the government argues in its
motions to stay that there is an unmanageable danger of
nonappearance if the defendant is released pretrial,
the court is not convinced the government can prevail
on that issue. As the magistrate judge aptly noted,
the defendant's youth, lack of resources, and

The court further finds, on the current record, that the government has failed to show a likelihood of success in proving that the conditions imposed by the magistrate judge are insufficient to ameliorate the danger to the public. Nevertheless, based on the evidence in the record that the defendant was traumatized by the deaths of multiple friends due to gun violence during his childhood, and that he at one point became suicidal and required counseling, the court will require him as a condition of pretrial release to undergo an evaluation and appropriate mental-health treatment while on pretrial release to prevent future offending and address any psychological need he might feel to possess firearms. Finally, the court finds that, because he is so young, the defendant

---

significant family ties suggest he is not a flight risk. Moreover, the government conceded during the detention hearing that there is not an unmanageable risk of nonappearance. *See* Transcript (Doc. 22) at 58.

9

should be required to either hold employment or attend school.

For many of the same reasons, the court finds that the government has not shown that it will be irreparably injured if the release order is not stayed. It still can file its motion for review of the release order, and the court will carefully consider it. Moreover, the court finds that issuance of the stay would substantially injure Hartley in that he would be required to give up another two to three weeks of freedom and would continue to be exposed to the conditions of incarceration, even though he is likely to be released in the end, based on the current record. Finally, while the public has an interest in seeing possessors of machineguns incarcerated, the public also has an interest in protecting the liberty of those who have not yet been convicted and whose incarceration is not mandated by law.

10

Accordingly, it is ORDERED that:

(1) The government's motions to stay (Doc. 14 and Doc. 18) are denied.

(2) The defendant shall be released after the bond hearing subject to the conditions set forth in the magistrate judge's order (Doc. 13) with the following additions:

a. The defendant shall, with the permission of the pretrial services officer, find employment or enroll in school, and shall maintain such employment or continue with his education while on pretrial release. Employment with his father may be sufficient if the pretrial services officer so finds.

b. With the assistance of his counsel, the defendant shall undergo a psychological assessment and receive appropriate treatment related to the multiple deaths of friends he experienced during his childhood, his history of depressive symptoms, and any other

identified   concerns.    His   attorney   is   advised   to
consult   with   the   Federal   Defender   Program   for
suggestions on how to accomplish this.

DONE, this the 30th day of July, 2025.

                              /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE